<u>**NOT FOR PUBLICATION**</u>

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARON HOSANG on behalf of herself and those similarly situated,** | |
| **Plaintiffs,** | **Civil Action No. 19-cv-21740 (BRM) (JAD)** |
| **v.** | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | **REPORT AND RECOMMENDATION** |
| **Defendant.** | |

JOSEPH A. DICKSON, U.S.M.J.

  This matter comes before the Court via Defendant's motion to compel arbitration. (<u>See generally</u> ECF No. 10). The District Court referred Defendant's motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument. Upon consideration of the parties' submissions,[1] and for the

---

[1] Defendants' moving brief will be referred to as "Defs.' Br.," (ECF No. 12); Plaintiff's opposition brief will be referred to as "Pl.'s Opp'n Br.," (ECF No. 13); Defendants' reply brief will be referred to as "Defs.' Reply Br.," (ECF No. 18).

reasons stated below, this Court respectfully recommends that Defendant's motion be **DENIED** without prejudice pending limited discovery.

I.  **BACKGROUND**

This Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, case arises out of Plaintiff's complaint filed on behalf of herself and a purported class of consumers residing in New Jersey impacted by debt collection practices of Defendant, Midland Credit Management, Inc. ("Midland Credit"). (Compl. at ¶ 1, ¶ 66 (ECF No. 1)). The underlying cause of action stems from Plaintiff's incurred debt to Comentity Bank on a personal credit card account. (Id. at ¶ 14). Subsequently, Plaintiff failed to render payments on the account and the same fell into default. (Id. at ¶¶ 19–20). Comenity Bank sold the debt to Midland Funding, LLC ("Midland Funding"). (Id. at ¶ 21). As a subsidiary of Midland Funding, (id. at ¶ 12), Midland Credit assumed responsibility for collection. (Id. at 26).

On January 23, 2019, as an effort to collect on the debt, Midland Credit drafted and mailed a letter to Plaintiff. (Id. at ¶¶ 29–35). In this letter, Midland Credit offered three options for repayment. (Id. at ¶ 38). The letter describes these options as "discounts." (Id. at ¶ 37; Ex. A (ECF No. 1-1)).  The repayment options listed in the letter include:

- 40% Off, with payment due on February 22, 2019
- 20% Off, over a three-month period
- Monthly payments "as low as" $50.00 per month

. (Id. at Ex. A). The complaint alleges that the third option is materially misleading, not a discount, and does not unequivocally state that this option is not a discount. (Id. at ¶¶ 39–40, ¶¶ 50–63).

2

Plaintiff filed her complaint on December 20, 2019. (ECF No. 1). On June 5, 2020, Defendant filed the present motion to compel arbitration. Plaintiff filed her opposition on July 6, 2020, (ECF No. 13), and Defendant replied on August 10, 2020. (ECF No. 18).

In its exhibits to the motion, (ECF Nos. 10-2 – 10-10), Defendant affixes the account agreement Plaintiff signed with Comenity. Within the document is a section containing an arbitration agreement. (Ex. A (ECF No. 10-2)). The agreement, broken up into fourteen subsections, establishes a thorough procedure for arbitrating issues related to the account. (Id. at *3 (ECF No. 10-2)).

## II.     LEGAL STANDARD

"It is well established that the Federal Arbitration Act (FAA) reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'" Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (quoting Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003)); see also Dotson v. Atlantic Credit & Finance, Inc., 2019 WL 4785641 (D.N.J. Sept. 27, 2019) (Dickson, *MJ*), Report and Recommendation adopted, 2019 WL 5394837 (D.N.J. Oct. 22, 2019); Dotson v. Midland Funding, LLC, 2019 WL 5678371 (D.N.J. Aug. 1, 2019) (Dickson, *MJ*), Report and Recommendation adopted, 2020 WL 291537 (D.N.J. Jan 21, 2020). However, "[t]his presumption in favor of arbitration 'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" Id. (quoting Fleetwood Enters., Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir. 2002)).

"[B]efore compelling arbitration pursuant to the [FAA], a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that

agreement."[2]  Id.  (citing Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005)). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  Clemons v. Midland Credit Mgmt., Inc., No. 18-16883 (NLH) (AMD), 2019 WL 3336421, at *5 (quoting Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000)). "Additionally, arbitration agreements that contain waivers of class actions are valid . . . ."  Id. (citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 348 (2011)) (other citations omitted).

When evaluating whether a valid arbitration agreement exists, the Court must first determine whether to apply a Rule 12(b)(6) motion to dismiss standard or a Rule 56 summary judgment standard to Defendants' motion to compel arbitration.  Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013).  To make that determination, courts in the Third Circuit apply the following framework:

> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay."  But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question."  After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

Guidotti, 716 F.3d at 776 (citations omitted). "The centerpiece of that framework is whether the existence of a valid agreement to arbitrate is apparent from the face of the complaint or

---

[2] "'While the interpretation of an arbitration agreement is generally a matter of state law, the FAA imposes certain rules of fundamental importance,' including whether a valid arbitration agreement exists between the parties, and the dispute before it falls within the scope of the agreement."  Clemons v. Midland Credit Mgmt., Inc., No. 18-16883 (NLH) (AMD), 2019 WL 3336421, at *5 n.4 (D.N.J July 25, 2019) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 681 (2010)).

4

incorporated documents." Singh v. Uber Techs, Inc., 939 F.3d 210, 218 (3d Cir. 2019) (citing Guidotti 716 F.3d at 774–76).

## III. ARGUMENTS OF THE PARTIES

### A. Defendant's Argument in Support

Defendant argues that Plaintiff agreed to the arbitration agreement because she used the account after receipt of the agreement. (Def.'s Br. in Support of Mot. ("Def's Br."), at 11 (ECF No. 12)). Second, Defendant asserts that Plaintiff's right to reject the arbitration agreement, and her subsequent failure to do so, render the clause valid and enforceable against her. (Id. at 11 (ECF No. 12)). Finally, Defendant contends that the claims involved in this case fall within the scope of arbitrability outlined in the agreement. (Id. at 11–12).

### B. Plaintiff's Opposition

In opposition, Plaintiff first argues that a Guidotti analysis controls this motion because Plaintiff does not reference or rely upon the Card Agreement with Comenity in the complaint and Plaintiff's proffered theory of liability does not rely upon things covered in the terms and conditions of the agreement. (Pl.'s Br. in Opp., at 7 (ECF No. 13)); see also Guidotti, 716 F.3d at 764. Citing this Court's decision in Dotson v. Atlantic Credit & Finance, Inc., 2019 WL 4785641 (D.N.J. Sept. 27, 2019) (Dickson, *MJ*), Report and Recommendation adopted, 2019 WL 5394837 (D.N.J. Oct. 22, 2019), Plaintiff argues that any reliance upon the arbitration agreement forces the Court to rely upon extraneous documents not referenced or incorporated in the complaint— which would result in the inappropriate standard of review's application to the motion. (Id.).

Plaintiff emphasizes that Guidotti and other case law mandate that discovery be permitted to allow enquiry into whether Plaintiff's FDCPA claim falls within the ambit of arbitrability. (Pl.'s

5

Br. in Opp. at 9 (ECF No. 13)). Only after this limited discovery is completed, Plaintiff concludes, should the court consider any motion to compel arbitration. (Id. at 10).

### C. Defendant's Reply

In reply, Defendant insists that this Court should consider the arbitration agreement because the credit agreement is central to Plaintiff's claim—that is, the FDCPA claim arises from Defendant's attempt to collect a debt incurred by Plaintiff on the Comenity account. (Def.'s Reply Br. at 2–5 (ECF No. 18)). Defendant further replies that because Plaintiff's opposition does not articulate what discovery is needed, and because Defendant provided all the necessary documents in its motion papers, no further discovery is needed on the question of arbitrability. (Id. at 5–8).

## IV. ANALYSIS

It is not apparent from the complaint whether the claim involved is subject to a valid arbitration clause—the motion should be denied, and limited discovery permitted. The materials the Court reviews on this initial motion to compel are those contained or incorporated in the complaint—not those attached to the motion papers. To consider those papers would, as this Court stated in Dotson, "leave[] the Court looking to documents extraneous to the pleadings to determine whether the parties have agreed to arbitrate this dispute." Dotson, 2019 WL 4785641 at *3.

Further, it is unclear whether the credit agreement itself is central to the complaint where Plaintiff challenges the veracity of a debt collection practice. A review of the complaint in this case reveals it to be in the second type of cases categorized in Guidotti: cases where the complaint does not facially acknowledge or incorporate an arbitration agreement—as opposed to

those where facial apparentness of a valid agreement nullifies any need for discovery on the issue. See Guidotti, 716 F.3d at 776; Dotson, 2019 WL 4785641 at *4. Thus, it would be inappropriate to assess this motion under the Rule 12(b)(6) standard reserved for cases in the first Guidotti category. Id.

Defendant, not Plaintiff, introduced the arbitration agreement into this motion. The agreement, therefore, is extraneous and should not be considered until limited discovery on arbitrability occurs. Subsequently, the Court can review the renewed application, if any, under a Rule 56 standard. Guidotti, 716 F.3d at 776.

## V. **RECOMMENDATION**

Based on the foregoing, this Court respectfully recommends that Defendant, Midland Credit's motion to compel arbitration, (ECF No. 10), be **DENIED** without prejudice pending limited discovery regarding arbitrability of this claim.

*/s/ Joseph A. Dickson*
Hon. Joseph A Dickson, U.S.M.J.

Dated: December 15, 2020
cc:   Hon. Brian R. Martinotti, U.S.D.J.